OPINION
Defendant-appellant Thomas D. Best [hereinafter appellant] appeals his conviction and sentence from the Delaware County Court of Common Pleas on one count of escape, in violation of R.C.2921.34. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Initially, appellant was sentenced to seventeen months in prison for an attempted gross sexual imposition conviction. After serving the seventeen month sentence, appellant was placed on post-release control.
As part of his post-release control, appellant reviewed and signed "Conditions of Supervision." The Conditions included the following terms:
 2. I will always keep my supervising officer informed of my residence and place of employment. I will obtain permission from my supervising officer before changing my residence or my employment. I understand that if I abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code.
 3. I will not leave the State of Ohio without the written permission of the Adult Parole Authority.
. . .
 5. I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.
While on post-release control in Ohio, the State of Maryland charged appellant with a parole violation stemming from a prior conviction in Maryland. On June 10, 1999, appellant was given permission by his Ohio parole officer to return to Maryland to deal with the Maryland parole violation. However, once given permission to go to Maryland, appellant failed to appear in Maryland. As a result, an arrest warrant was issued in the State of Maryland. Appellant's Ohio parole officer contacted the Ohio Parole Violators at Large Unit to investigate appellant's whereabouts.
On June 15, 1999, appellant was arrested in Columbus, Ohio for violating the terms of his Ohio post-release control conditions. A post-release violation hearing was conducted on July 29, 1999. Appellant was found guilty of violating condition number 5 of his Conditions of Supervision.[1] As a result, appellant was sentenced to sixty days in an Ohio prison.
During the July 29, 1999, hearing, appellant was provided a written order that stated: "Should Maryland not extradite Mr. Best, he is to report to APA Delaware Office (137 N. Sandusky) by Sept. 14, 1999, by 10:00 A.M." Appellant's parole officer realized that the written order did not include what to do if appellant were extradited to Maryland. The parole officer gave appellant a verbal order after the hearing. Appellant's parole officer told appellant that if appellant were extradited to Maryland, appellant was to report to her immediately upon appellant's release from the Hartford County, Maryland, Jail System.
Appellant was extradited to Maryland. Subsequently, on October 26, 1999, appellant's Ohio parole officer called the Hartford County Jail to confirm if appellant was in custody. The parole officer was told that appellant was booked into the Jail on October 18, 1999, but was released on a personal recognizance bond on October 20, 1999.
The parole officer then attempted to locate appellant. The parole officer tried to verify the address appellant had provided to the Maryland Court. It was not a good address. The parole officer called appellant's last known phone number. The phone had been disconnected. The parole officer then sent the Ohio Parole Violators at Large Unit to appellant's last known address in Ohio. The apartment was vacant. Therefore, on November 24, 1999, an Ohio arrest warrant was issued for appellant.
Appellant's parole officer had no contact with appellant nor information on appellant's whereabouts until January, 2000. The parole officer learned that appellant had been arrested in Pontiac, Michigan on obstruction charges.[2] Pursuant to a detainer issued in Ohio, appellant was extradited to Ohio.
Another post-release control violation hearing was conducted on February 14, 2000. Appellant was found guilty of violating his post-release control conditions number 3 and number 5.[3] As a result, appellant was ordered to serve a prison term of 180 days.
On February 18, 2000, appellant was indicted on one count of escape, in violation of R.C. 2921.34. The indictment for escape was for the same conduct for which the 180-day sentence was imposed at the post-release control violation hearing.
Appellant subsequently filed a Motion to Dismiss. In the Motion, appellant argued that any prosecution for escape violated hisFifth Amendment right against double jeopardy because appellant had already received an additional 180 days of imprisonment as a punishment for the same conduct. On February 1, 2001, the trial court overruled appellant's Motion.
A bench trial was conducted on April 24, 2001. The trial court found appellant guilty of escape. Appellant was sentenced to a stated prison term of four years.
It is from this conviction and sentence that appellant appeals, presenting the following assignments of error:
ASSIGNMENT OF ERROR I
 THERE WAS INSUFFICIENT EVIDENCE AS A MATTER OF LAW TO SUSTAIN THE APPELLANT'S CONVICTION OF ESCAPE AND THE VERDICT OF GUILTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II
 THE APPELLANT'S CONVICTION OF AND SENTENCE FOR ESCAPE WHEREIN HE HAD PREVIOUSLY BEEN PUNISHED FOR THE EXACT SAME CONDUCT VIOLATED THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE DOUBLE JEOPARDY CLAUSE OF SECTION X, ARTICLE 1 OF THE OHIO CONSTITUTION.
 I
In the first assignment of error, appellant argues that his conviction was based upon insufficient evidence and against the manifest weight of the evidence because the record does not show appellant was in violation of the orders of his parole officer. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins (1997),78 Ohio St.3d 380, 387 (citing State v. Martin (1983), 20 Ohio App.3d 172,175). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
In the case sub judice, appellant challenges his conviction on one count of escape, in violation of R.C. 2921.34. Revised Code 2921.34 states the following, in pertinent part:
 (A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
Revised Code 2921.01(E) defines "detention" as "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution."
It is uncontested that appellant was under detention. Appellant was on post-release control, under the supervision of a parole officer. The State alleged that appellant committed the crime of escape when he failed to follow the reporting orders of his parole officer.
On appeal, appellant contends that he could not have violated his parole officer's written or verbal orders. The written order was inapplicable because it gave him directions only if he were not extradited to Maryland. Appellant asserts that the verbal order instructed him to report to his parole officer after he was released from the Maryland system. Appellant claims he was not released from the Maryland system until the Maryland legal proceedings were completed in September, 2000. Under appellant's literal interpretation of the verbal order, appellant was not to report to his parole officer until September, 2000. Therefore, appellant claims he did not violate his parole officer's orders.
We find the record contains sufficient evidence to sustain appellant's conviction. First, we agree with appellant that the written order was not applicable to appellant's situation. The issue before this court concerns the verbal order given to appellant. The parole officer did testify at one point in the trial that she told appellant to report to her after appellant's release from the Maryland system. However, she later clarified her testimony and stated that "I told him he had to contact me immediately upon his release from the Maryland, Hartford County Jail system." TR 19. This order was not ambiguous. According to the parole officer's testimony, appellant was to report to her upon his release from the Hartford County Jail. It is uncontested that appellant did not report to his Ohio parole officer upon his October 20, 1999, release from the Hartford County Jail.
Further, we note that appellant's own trial testimony undercuts his arguments on appeal that the verbal order from the parole officer was ambiguous. At trial, appellant contended that he did not recall a verbal order from the parole officer after the July 29, 1999, post-release control violation hearing. Appellant claimed that his only order was the written order he received during the hearing. Appellant testified at trial that since the written order only dealt with what to do if he were not extradited, he did not know what to do since he was extradited. Further, at trial, appellant seemed to contradict his position (that no verbal order had been given) by acknowledging that at the post-release control hearing, he admitted that he failed to report to the parole officer as required. TR 45. In sum, at trial, appellant never alleged the verbal order of the parole officer was ambiguous.
Based upon the record before this court, we find that there is sufficient evidence upon which to base appellant's conviction. The parole officer testified that she issued a verbal order to appellant to report which appellant failed to follow. At trial, appellant claimed he did not recall that verbal order. The trial court observed the witnesses. The trial court could judge their credibility and decide who to believe.
Further, we find that the conviction is not against the manifest weight of the evidence. We cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. See State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
Appellants first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that his conviction for escape violated his constitutional rights against double jeopardy because appellant had already received 180 days of imprisonment for a post-release control violation based upon the same conduct. We disagree.
In his Merit Brief, appellant recognized that this issue was reviewed by this court under similar facts and found not to constitute a violation of the double jeopardy provisions. See State v. Dawson (April 5, 2000), Tuscarawas App. No. 1999AP080051, unreported, 2000 WL 502823. Appellant submits that since this issue has not been decided by the Ohio Supreme Court, this court should reconsider its previous decision.
In Dawson, supra, this court made the following applicable analysis:
 R.C. 2967.28 specifically authorizes the imposition of a sentence for a "new felony" in addition to sanctions for violations of post-release control. The principles of double jeopardy bar multiple prosecutions for a single offense, see, e.g. State v. Gustafson (1996), 76 Ohio St.3d 425, 668 N.E. 435. Here, the record demonstrates appellant was not placed in jeopardy for the offense of escape in the post-release control hearing, and for this reason, the principles of double jeopardy do not apply.
In this case, appellant was not placed in jeopardy for the offense of escape in the post-release control hearing. We affirm our previous holding and find that appellant's conviction for escape based upon the same conduct that constituted a post-release control violation does not violate double jeopardy protections.
Appellant's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. Julie Edwards, P.J., Hon. W. Scott Gwin, J., Hon. William Hoffman, J., concur.
[1] Condition of Supervision No. 5: "I will follow all orders verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction."
[2] At trial, appellant admitted that he traveled to New Jersey and Michigan after his release from the Hartford County Jail. Appellant admitted that he did not have his Ohio parole officer's permission to travel to Michigan or New Jersey. However, appellant claimed that he had permission from Maryland authorities.
[3] 3. I will not leave the State of Ohio without the written permission of the Adult Parole Authority.
 5. I will follow all orders of verbal or written given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction.